Francisco J. Santos, Plaintiff and Appellant, *v.* El Áncora, Defendant and Appellee.

No. 3637. Argued June 19, 1925.—Decided June 24, 1925.

INSURANCE—LIFE INSURANCE—CAUSE OF DEATH.—It having been admitted that the insured died from pulmonary tuberculosis, the fact that the bacilli invaded other parts of his body and superinduced organic debility and cystitis is not a sufficient basis for concluding that he did not die from pulmonary tuberculosis.

District Court of Ponce, R. Díaz Cintrón, J. Judgment for the defendant in an action to recover insurance. *Affirmed.*

R. Arjona Siaca for the appellant. *Gustavo Rodríguez* for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Francisco J. Santos, a druggist, brought an action against El Áncora, an insurance company, to recover the amount of a policy issued to Emilio E. Durán and assigned to Santos. The defendant pleaded that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the plaintiff appealed from the judgment, assigning in his brief that the court committed error in sustaining the demurrer.

It is alleged in the complaint that on February 8, 1924, a policy was issued and delivered to Durán in accordance

with the by-laws of the defendant company whose section 30 reads as follows:

"When there occurs among the subscribers an accident of the fifth class (death) caused by pulmonary tuberculosis within the first year after registration, computed from the date of the certificate of registration, there shall be no right to the amount of the insurance and the policy or certificate shall be canceled."

It is also alleged that Durán died on July 20, 1924, as a consequence of pulmonary tuberculosis, according to the certificate of Dr. Yordán Pasarell. It is alleged also that although what is stated by Dr. Yordán Pasarell in his certificate is true, it is not the whole truth, because the death "was the result, according to information, of severe hemorrhagic cystitis with intense vesical tenesmus, accelerated in its pathological process by total organic debility produced by the probable existence of a subacute bacterial infection of the lungs as well as by the direct pathological action of prostatic and renal tuberculous infection from which he suffered."

After citing in his brief numerous decisions laying down the rule that when a policy is susceptible of various interpretations one which gives it validity should be accepted, and that between two equally justified interpretations, of which one favors the company and the other favors the insured, that which is in favor of the latter should be preferred, the appellant says:

"The insurance policy in this case contains an exception in favor of the insurer, exempting it from liability and annulling the policy if the insured dies from pulmonary tuberculosis within a given time. The policy itself, as alleged in the complaint, entitles the insured to full indemnity within the same time if his death is caused *by any other disease.*

"If the death is caused by pulmonary tuberculosis only, the policy is clear that *there is no indemnity.*

"If the death is caused *by any other* disease, the policy is clear also that *there is indemnity.*

"But if death is produced by two or more determinative, si-

multaneous, concurrent, direct, connected, joint and related causes and one of these causes is pulmonary tuberculosis (exception in favor of the insurer) and the other causes, as direct as the former, are other diseases (stipulations in favor of the insured), then the policy is not clear, for while the insurer has a right to refuse to indemnify because of the cause which produces the exception (pulmonary tuberculosis), the insured has a right to the indemnity for the other causes (in this case the *hemorrhagic cystitis,* the *intense vesical tenesmus* and the *prostatic and renal tuberculosis* alleged in the complaint)."

We can not agree with the appellant. We have no doubts in this case. Six months had not elapsed since the issuance of the policy when the insured, who had assigned it to the plaintiff, died from pulmonary tuberculosis, according to the medical certificate which the plaintiff himself admits to be true, and this being the case, section 30 of the by-laws of the defendant company is applicable.

The confusion sought to be introduced by the allegation of cystitis, organic debility and renal tuberculosis as concurrent causes of death, disappears when the actual facts of the case are considered in the light of sound reasoning. In this case there are not two equally fair interpretations. There is only one—the one made by the district court in sustaining the demurrer and dismissing the complaint. Durán, the insured who assigned his policy to the plaintiff, died from pulmonary tuberculosis. If the terrible bacilli invaded other parts of his body and superinduced cystitis and organic debility, that is no reason for concluding that Durán did not die from pulmonary tuberculosis.

The judgment appealed from must be affirmed.